Lawan Denise BROWN, Plaintiff,

v.

Lloyd BENTSEN, Defendant.

Civil Action Nos. 92–1377, 92–2349 (HHG).

United States District Court,
District of Columbia.

Jan. 31, 1995.

Robert Howard, Howard & Howard, Hyattsville, MD, for Plaintiff.

Bernadette C. Sargeant, Assistant U.S. Attorney, Washington, D.C., for Defendant.

## MEMORANDUM

HAROLD H. GREENE, District Judge.

In this Title VII action, plaintiff, a black woman employed at the Bureau of Engraving and Printing of the Department of the Treasury, claims race discrimination and reprisal by way of improper evaluations and denial of promotion. Following an unsuccessful complaint to the Equal Employment Opportunity Commission, plaintiff filed this suit. The matter was tried, and it is now ripe for these findings of fact and conclusions of law.

### A. Findings of Fact

The principal factual issue revolves around the plaintiff's performance evaluations in 1989 and 1990. In both years plaintiff was rated as "fully satisfactory," but it is her assertion that she was entitled to the higher ratings of "excellent." Plaintiff herself testified at some length as did several of her supervisors. On the basis of all the testimony and the documentary evidence, the Court concludes that plaintiff was fairly evaluated and that neither discrimination nor reprisal were present.

In the first place, there was no credible evidence that race played any part in the ratings plaintiff received. Indeed, several of her supervisors were themselves black women. Beyond that, while plaintiff has advanced various complaints about her performance ratings, the Court concludes that the disputes essentially had nothing to do with either her race or with reprisal; at best these disputes were run-of-the-mill conflicts between this employee and her supervisors such as they occur in bureaucracies everywhere irrespective of race or similar factors.

More important, the Court finds that plaintiff was properly evaluated, or, more precisely, that her evaluations cannot be regarded as pretexts for discrimination or reprisal. Frances Livingston, who was plaintiff's supervisor from January 1989 until February 1990, testified as to plaintiff's work performance during this period. She testified that plaintiff did not understand the "full picture," and that plaintiff had difficulty expressing her opinions. The Court found similar deficiencies in plaintiff's expressions as a witness.

Plaintiff's superiors also testified that plaintiff did not effectively participate in discussions to explain certain matters, and was often late submitting reports. Also, according to Ms. Livingston's testimony, plaintiff was late to work quite often. The Court found that Ms. Livingston was an especially intelligent and credible witness.

## B. Conclusions of Law

The legal standard applicable to a Title VII discrimination and reprisal claim is the three-tiered test set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). First, plaintiff must make a prima facie showing of discrimination by showing, at least, that she is a member of a protected class and the employer has taken some adverse action. *Id.* at 802, n. 13, 93 S.Ct. at 1824, n. 13. Second, the employer may rebut that showing by articulating a legitimate, non-discriminatory reason for its action. Third, the burden shifts back to the plaintiff to demonstrate that the employer's articulated reason is merely a pretext for discrimination. *McDon-*

*nell Douglas, Id.* at 802–05, 93 S.Ct. at 1824–25.

The Court is not persuaded that plaintiff has made a prima facie showing of discrimination. The fact that plaintiff received lower performance evaluations than she thought that she deserved does not necessarily constitute adverse action sufficient to make out a prima facie case. Plaintiff did not point to any negative consequences that flowed from the allegedly low performance evaluations.

Assuming arguendo, however, that plaintiff has established a prima facie case, she has made no showing that defendant's offered reasons for its actions are merely a pretext for discrimination. As stated above, defendant offered testimony at trial explaining that plaintiff was rated as she was because of poor communications skills, timeliness problems, and her difficulty in understanding certain projects. Plaintiff at no point offered evidence showing that these rationales were merely excuses for employment decisions that were, in fact, motivated by race.

In consideration of the above, the Court finds for the defendant.