Gary H. GLOVINSKY, Plaintiff,

v.

William COHEN, Secretary, U.S. Department of Defense, Defendant.

No. CIV.A. 97–1198.

United States District Court, District of Columbia.

Oct. 17, 1997.

Bryan A. Chapman, Washington, DC, for Plaintiff.

Benjamin R. Barnett, Asst. U.S. Atty., Washington, DC, for Defendant.

## MEMORANDUM OPINION

PAUL L. FRIEDMAN, District Judge.

This matter is before the Court on defendant's Motion to Dismiss or for Summary Judgment. Plaintiff, the Director of Resource Management at the National Defense University, alleges that he was the victim of religious discrimination and retaliatory action by his employer in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* Plaintiff is Jewish, and his claim stems from a comment that defendant concedes was made by plaintiff's supervisor, Colonel Eugene Davis. Complaint ¶ 15; Declaration of Colonel Eugene Davis at ¶ 12. At a weekly staff meeting, Colonel Davis told plaintiff that he should get the best price he could "Jew them down to." *Id.* Colonel Davis later apologized for the remark, but plaintiff alleges that after he filed a complaint with his Equal Employment office, Colonel Davis treated him differently.

█ Defendant filed a Motion to Dismiss or for Summary Judgment on July 28, 1997. Plaintiff has failed to submit a timely response to defendant's motion, and the Court therefore may treat the motion as conceded. *See* Local Rule 108(b) ("Court may treat [a] motion as conceded" if opposition not filed within time prescribed by Court); *Federal Deposit Insurance Corp. v. Bender,* 127 F.3d 58, 67 (D.C.Cir.1997) (district court's ruling that plaintiff conceded motion where opposition filed late "constituted a straightforward application of Rule 108(b), and we have yet to find that a district court's enforcement of this rule constituted an abuse of discretion"). By separate Order issued this same day, the Court has stricken plaintiff's opposition and will not consider it.

█ Furthermore, in his late-filed opposition, plaintiff failed to include a statement of genuine issues setting forth all material facts as to which it is contended that there exists a genuine issue necessary to be litigated. *See* Local Rule 108(h).[1] The Court therefore may take defendant's statement of material facts as admitted provided that the facts are adequately supported by the record. *See* Local Rule 108(h); *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner,* 101 F.3d 145, 154 (D.C.Cir.1996) ("district court is to deem as admitted the moving party's facts that are uncontroverted by the nonmoving party's Rule 108(h) statement").

Plaintiff's opposition contains a brief fact section, but it does not meet the requirements of Rule 108(h). While it is not necessary to label a Rule 108(h) statement in a particular manner, plaintiff's fact section was copied directly from paragraphs 8 through 35 of the complaint, was unsupported by any citation to record evidence, affidavits or declarations and therefore is insufficient to serve as a Rule 108(h) statement. *See Jackson v. Finnegan, Henderson, Farabow, Garrett &*

---

1. Local Rule 108(h) provides in relevant part:
   ... An opposition to [a motion for summary judgment] shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement.... In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

*Dunner,* 101 F.3d at 153 ("district court's obligation in examining a Rule 108(h) statement of material facts in dispute, however labeled and wherever it appears in the opposition pleadings, extends ... only to a determination of whether the party opposing summary judgment has complied with the rule's plain requirements").[2] An adverse party to a summary judgment motion "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in [Rule 56, Fed.R.Civ.P.], must set forth specific facts showing that there is a genuine issue for trial". Rule 56(e), Fed.R.Civ.P.; *see Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Celotex v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Treating the facts as conceded, the Court's only remaining obligation with respect to a determination of factual issues is to "determine whether the [moving party's] statement of disputed material facts [is] 'adequately supported' by the record." *See Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner,* 101 F.3d at 154 (quoting *McKinney v. Dole,* 765 F.2d 1129, 1135 (D.C.Cir.1985)). Each undisputed fact in defendant's Rule 108(h) statement is accompanied by a citation to the record or to a sworn declaration. The Court finds that defendant's statement of facts is adequately supported by the record, and there therefore is no genuine issue as to any material fact in this case.

Defendant has also established that it is entitled to judgment as a matter of law. Plaintiff has failed to make out a prima facie case of religious discrimination or retaliation because no adverse personnel action was taken against him. *See International Brotherhood of Teamsters v. United States,* 431 U.S. 324, 358, 97 S.Ct. 1843, 1866, 52 L.Ed.2d 396 (1977) ("any Title VII plaintiff must carry the initial burden of offering evidence adequate to create an inference that an *employment decision* was based on a discriminatory criterion ...") (emphasis added). Title VII provides, in relevant part, that "[a]ll personnel actions affecting [federal government] employees ... shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). No personnel action of any sort was taken against plaintiff. Plaintiff has maintained his position at the National Defense University. Defendant's Statement of Material Facts Not In Dispute at ¶ 1. He has not alleged that he was denied a promotion or other employment opportunity. Plaintiff alleges and defendant concedes that at a later meeting, Colonel Davis stated that plaintiff's comments were "insanity thinking" and "fundamentally flawed," *see* defendant's Statement of Material Facts Not In Dispute at ¶ 13, but this statement by Colonel Davis is insufficient to constitute a change in plaintiff's employment conditions. The only change in plaintiff's employment condition was that at plaintiff's request, he was given a change of his rater so that Colonel Davis would no longer be the person evaluating his performance. *See* Defendant's Statement of Material Facts Not In Dispute at ¶ 19. Plaintiff therefore has failed to make out a prima facie case of religious discrimination or retaliation.

Plaintiff also has not made out a prima facie case of hostile work environment. Plaintiff did not allege a hostile work environment claim in his complaint, nor did he move for leave to amend his complaint. Even if he had properly alleged such a claim, defendant is entitled to judgment as a matter of law. In order to establish a claim for hostile work environment, plaintiff must show that "the discriminatory conduct was so severe or pervasive that it created a work environment abusive to employees because of their race, gender, religion or national origin...." *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 22, 114 S.Ct. 367, 371, 126 L.Ed.2d 295 (1993). Plaintiff relies on a single comment made by his supervisor that, although offensive, is simply insufficiently severe to create an abusive working environment. *See id.* at 21, 114 S.Ct. at 370 (" 'mere

---

2. The fact section of plaintiff's opposition is identical to paragraphs 8 through 35 of the complaint with two exceptions: the opposition eliminates the paragraph numbers included in the complaint, and the fact section of the opposition includes one additional sentence.

4

utterance of an ... epithet which engenders offensive feelings in an employee,' does not sufficiently affect the conditions of employment to implicate Title VII") (quoting *Meritor Savings Bank, FSB v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 2405, 91 L.Ed.2d 49 (1986)).  Plaintiff alleges that Colonel Davis has made several offensive remarks in the past to other employees, but these allegations, unsupported by any record evidence, affidavits or declarations, are insufficient to establish a hostile working environment.  *See Meritor Savings Bank, FSB v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 2405–06, 91 L.Ed.2d 49 (1986).

Defendant therefore has established that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law.

SO ORDERED.