**Kenwin BENN, Plaintiff,**

v.

**UNISYS CORPORATION, Defendant.**

**No. CA 96–2642(PJA).**

United States District Court, District of Columbia.

Oct. 20, 1997.

---

James Gore, for Plaintiff.

Karen Kahn, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

ATTRIDGE, United States Magistrate Judge.

This matter is before the Court on defendant's, Unisys Corporation's, motion for summary judgment on plaintiff's, Kenwin Benn's, claims of discrimination and retaliation in violation of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 and 1983; Title VII, 42 U.S.C. § 2000e *et seq.;* and the D.C. Human Rights Act, D.C.Code § 1–2501, *et seq.* In the joint pretrial statement filed by the parties on September 12, 1997, the plaintiff abandoned his claims pursuant to the Civil Rights Act of 1866, leaving only Benn's claims of discrimination and retaliation in violation of Title VII and the DCHRL for trial. [Jt ptstmt at 2–3]. Benn complains that discrimination against him began in January 1995 (the effective date of the Unisys reorganization), when his position of "director" was abolished, and he was "demoted to the position of Business and Development Manager". [Pl's compl. at 4, ¶ 17; *id.* at 5, ¶ 24].

Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before a U.S. Magistrate Judge for all purposes, including the entry of final judgment. Upon consideration of the motion, opposition, reply and the entire record, and for the reasons explained below, the Court concludes that, as a matter of law, Unisys is entitled to summary judgment against the plaintiff on the remaining

counts because Benn has failed to demonstrate that genuine issues of material fact remain and, as a result, failed to make a sufficient showing on essential elements of his case of which he carries the burden of proof at trial.

### I. Summary Judgment: *Undisputed Material Facts*

### (a) Federal Rule of Civil Procedure 56—Showing "Specific Facts" in Dispute

Discussions of the summary judgment standard begin with Rule 56 of the Federal Rules of Civil Procedure and the guidance provided by the Supreme Court in the seminal case interpreting Rule 56, *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court held:

> Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Id.* at 322–323, 106 S.Ct. at 2552–53. Once a moving party fulfills its obligations pursuant to 56(c), the onus is on the non-moving party to respond with "specific facts" to establish a genuine issue for trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. Subsection (e) of Rule 56 sets forth the extent to and means by which the non-moving party shall make the necessary evidentiary showing in order to survive a properly supported motion for summary judgment; it provides in pertinent part:

> Supporting and opposing affidavits shall be made *on personal knowledge,* shall set forth such facts as would be *admissible in evidence,* and shall show affirmatively that *the affiant is competent to testify to the matters stated therein.* Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party *may not rest upon the mere allegations or denials of the adverse party's pleading,* but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

FED. R. CIV. P. 56(e)(emphasis added). In italics the Court notes four areas in which Benn's opposition to Unisys' motion for summary judgment is deficient. First, the only Rule 56(e) evidence attempting to set forth "specific facts" in dispute is an affidavit affirmed by plaintiff's counsel, James G. Gore, Jr., who does not have personal knowledge of the events alleged in Benn's complaint. Second and third, plaintiff's counsel cannot testify at trial as to the events he affirms in his affidavit as it would inadmissable hearsay. "The affidavit must be based on personal knowledge and not on the hearsay statement of another purported witness." *Hack v. H.V.R. Parts, Inc.,* 742 F.Supp. 283, 286 (W.D.Pa.1990). Finally, Benn has produced literally absolutely no evidence—only allegations—in support of his opposition to the summary judgment motion. *See Farrell v. Potomac Electric Power Co.,* 616 F.Supp. 995, 1000 (D.D.C.1985)("All the plaintiff has done is to make additional allegations, but as Rule 56(e) clearly provides, such allegations are not enough and do not raise a factual issue.").

As the Rule 56 Advisory Committee's Note to the 1963 amendment explains, the last two sentences were added to subsection (e) [*supra* at 2] because the Third Circuit had taken the view that summary judgment should be

denied even if the adverse party produced none or only some evidentiary matter to establish a genuine issue for trial. The Third Circuit was allowing the adverse party to rest on the pleadings if on their face the pleadings presented a triable issue. Adding the last two sentences, the Advisory Committee noted:

> The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. The Third Circuit doctrine, which permits the pleadings themselves to stand in the way of granting an otherwise justified summary judgment, is incompatible with the basic purpose of the rule.

FED. R. CIV. P. 56, 1963 advisory committee's note; *accord Celotex*, 477 U.S. at 325, 106 S.Ct. at 2553–54. The Supreme Court pointed out that the non-moving party need *not* produce evidence in a form that would be admissible at trial, but that he may *not* rely on "mere pleadings" to place facts in dispute, as Benn has done here. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. Benn must "go beyond the pleadings and by [his] own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553 (quoting FED.R.CIV. P. 56(e)).

■ After providing the Court with a dictionary definition of "disputed", Benn begins several pages of allegations. Benn's opposition *alleges* "the Defendant is actually engaged in a systematic manipulation of the facts of the present case in order to contort the facts into case law which could favor its

case" and that the "so called 'undisputed facts' are statements taken out of context and/or are paraphrased", but he makes no offer of proof [Pl's opp. at 2–3].[1] Benn *alleges* that the 1995 Unisys reorganization was not "substantive", but rather an "annual reshuffling and reclassifying of positions" and that Benn's "ultimate job duties remained the same", but he makes no offer of proof. [Pl's opp. at 5]. Benn *alleges* that he was "demoted" despite a pay increase, that his base compensation level fell from a "21 to 20", his overall compensation packet decreased, and his stock options and support staff were taken away, but he makes no offer of proof. [Pl's opp. at 6]. Benn disputes the affidavits submitted with the summary judgment motion that affirm that "[p]laintiff's performance was not as proficient as he and Unisys previously asserted", but he makes no offer of proof to controvert the sworn affidavits. [Pl's opp. at 6, n. 2]. Benn *alleges* that "in numerous depositions of Unisys management officials, no one could give a reason for the Plaintiff's demotion." [Pl's opp. at 7; *id.* at 10.] As an offer of proof, Benn cites *one* deposition, that of Mitch Turpyn, but Benn did not submit the designated deposition testimony to the Court. [Pl's opp. at 7]. Mistaken about on whom rests the burden of production, Benn *alleges* that "[t]here has been no evidence presented showing that any other employee was moved, transferred, reassigned or reclassified for a position for which they had not been trained or in which they had no experience." [Pl's opp. 7]. The burden is on Benn to make the offer of proof that he has been treated differently from others similarly situated, not on Unisys to demonstrate that he has been treated simi-

---

1. The plaintiff also asserts that "the Defendant *cannot* rely on affidavits of the very people the Plaintiff alleged to have engaged in a course of discriminatory treatment to create 'undisputed facts'." [Pl's opp. at 3 (emphasis in original)]. To the contrary, the *Celotex* Court held,

> a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact. But ... we find no express or implied requirement

in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim ... regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied.

*Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552–53. As explained in detail section II *infra*, UNISYS met its burden with both the permissible affidavits and the other supporting evidence that is before the Court.

larly. *See King v. Palmer,* 778 F.2d 878, 881 (D.C.Cir.1985)(citing *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252–253, 101 S.Ct. 1089, 1093–94 67 L.Ed.2d 207 (1981)).

The allegations continue. Nevertheless, contrary to Benn's contention, merely *alleging,* "Plaintiff, the only Black director in this division, was demoted from the position of director to manager" with no offer of proof to that effect does *not* make out a *"prima facie* showing that 'but for' his race, the discriminatory actions would not have occurred." [Pl's opp. at 7]. The Plaintiff further *alleges* he "has presented Unisys position charts which clearly delineate employees whose positions were considered on the same level as the Plaintiff's." [Pl's opp. 7]. The Court has received no such charts. Benn *alleges* that he "has shown that there is a discriminatory atmosphere throughout the Federal Systems McLean, Virginia facility", yet he has provided no affidavits (other than that of his counsel), no answers to interrogatories, no admissions and no quotes from depositions to substantiate this allegation. [Pl's opp. at 8].

Benn *alleges* there have been "numerous other Title VII race discrimination complaints" and names three witnesses he intends to call at trial to prove these complaints [pl's opp. at 8], but he has submitted no affidavits, deposition testimony, or other evidence in support of the mere allegations. Benn also *alleges* incidents of tire slashing and acts of discrimination against a fellow employee, but with no offer of proof. [Pl's opp. at 8]. Benn *alleges* "Mr. Santamaria tried to keep the plaintiff from being hired and promoted", but with no offer of proof. [Pl's opp. at 9]. Benn *alleges* he was "threatened with dismissal on numerous occasions after this litigation began", that he has "been advised to 'resign'", and "ostracized and excluded" [pl's opp. at 11], but he has made no offer of proof. Finally, Benn *alleges* that his personnel file has been leaked and his "'involvement' in a confidential prior Title VII lawsuit between Unisys and another employee has been revealed to numerous individuals within the company." [Pl's opp. at 11]. The identity of not a single individual, however, has been brought to the Court's attention by means of affidavit or other FED. R. CIV. P. 56(e) forms of evidence.

Also in the opposition, Benn (through counsel's affidavit) asserts he has "insufficient knowledge to agree" to some of the facts enumerated in defendant's statement of undisputed material facts [Gore affidavit, nos. 1, 9, 13, 14, 17, 36, 37], and that he "cannot calculate the exact salaries of comparable employees" [pl's opp at 8]. As plaintiff concedes, however, "[t]he parties have engaged in extensive pretrial discovery including depositions, written interrogatories and requests for production of documents". [Pl's opp. at 1]. Discovery has closed. If the plaintiff does not have at this point "significant probative evidence" to dispute material facts, then his case must be dismissed as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). Benn cannot proceed on mere speculation, conjecture, and conclusory allegations. *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 888, 110 S.Ct. 3177, 3188–89, 111 L.Ed.2d 695 (1990) (quoting *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510–11).

Indeed, the plaintiff is correct that he may rely on either direct or circumstantial evidence at trial. [Pl's opp. at 4; *id.* at 8]; *see King,* 778 F.2d at 881–882. Nevertheless, the plaintiff has offered no " 'affirmative evidence' showing disputed material facts"—direct or circumstantial, in response to the defendant's properly supported motion for summary judgment. *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner,* 101 F.3d 145, 150 (D.C.Cir.1996). *See infra* at 9–10 (discussing plaintiff's burden to establish *prima facie* case). A motion for summary judgment is not defeated by unsubstantiated claims that a factual controversy persists.

### (b) Local Rule 108(h)—Deeming "Undisputed Facts" Admitted

After consulting the Federal Rules, lawyers admitted to practice in the District Court for the District of Columbia are expected to turn to the Local Rules of the District Court, which supplement the Feder-

al Rules of Civil Procedure. Specifically, Local Rule 108(h), elaborates on the mandatory elements of summary judgment motions and oppositions filed in this Court. *Finnegan, Henderson*, 101 F.3d at 150. Rule 108(h) provides:

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement. An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement. Each such motion and opposition must also contain or be accompanied by a memorandum of points and authorities required by sections (a) and (c) of this Rule. In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

This Rule "assists the district court to maintain docket control and to decide motions for summary judgment efficiently and effectively ... The procedure contemplated by the rule thus isolates the facts that the parties assert are material, distinguishes disputed from undisputed facts, and identifies the pertinent parts of the record." *Finnegan, Henderson*, 101 F.3d at 150–151 (quoting *Gardels v. Central Intelligence Agency*, 637 F.2d 770, 773 (D.C.Cir.1980)(discussing the identical predecessor to Local Rule 108(h), Rule 1–9(h))).

Counsel admitted to practice in this Court should not be strangers to Rule 108(h). Moreover, the D.C. Circuit Court of Appeals has repeatedly warned that "failure to file a proper Rule [108(h) ] Statement in making or opposing a motion for summary judgment may be fatal to the delinquent party's posi-

tion." *Gardels*, 637 F.2d at 773 (citing, e.g., *Thompson v. Evening Star Newspaper Co.*, 394 F.2d 774, 776–77 (D.C.Cir.), cert. denied, 393 U.S. 884, 89 S.Ct. 194, 21 L.Ed.2d 160 (1968), and *Peroff v. Manuel*, 421 F.Supp. 570, 576 n. 15 (D.D.C.1976)); *accord Finnegan, Henderson*, 101 F.3d at 151; *Twist v. Meese*, 854 F.2d 1421, 1424–1425 (D.C.Cir. 1988).

In addition to being a member of the Bar of this Court since 1993, counsel of record in at least six cases filed in this Court and, thus, expected to know the Local Rules and well as the Federal Rules of Civil Procedure, plaintiff's counsel was explicitly placed on notice during the June 26, 1997 motions hearing of the importance of following the Local Rules. During the June 26 hearing, plaintiff's second motion to compel was denied for failure to comply with Local Rule 107(b). The Court explained to Mr. Gore that it had no idea what he was talking about because he failed to attach to his motion the interrogatories and answers in dispute. During that same hearing, Unisys' motion for a protective order was denied for failure to comply with FED.R.CIV.P. 26(c). At the conclusion of the June 26 hearing, Mr. Gore asked the Court whether, in the event of future discovery disputes, the parties could request a telephone conference call with the Court prior to filing motions. Responding to Mr. Gore's question, the Court once again stressed its expectation that counsel would adhere to the Local Rules. Three times in a matter of minutes the plaintiff as well as the defendant was put on the notice of the importance of complying with the local and federal rules.[2] Notice to counsel did not end with the June 26 hearing. In an order dated July 25, 1997, setting forth the briefing schedule for dispositive motions, counsel was reminded that the pleadings must be filed "in accordance with the Local Rules." Nevertheless, before the Court is defendant's motion for summary judgment, which outlines 39 undisputed material facts. Purporting to controvert the defendant's undisputed facts is an affidavit

---

2. The Order dated June 27, 1997, which memorializes the rulings made in open court on June 26, contains a typographical error. Although it refers to the correct motion no. (# 32) in denying

plaintiff's second motion to compel, the Order actually reads "defendant's" second motion to compel.

by plaintiff's counsel in which he affirms that the plaintiff "agrees", "disagrees", or "has insufficient knowledge to agree" with the 39 facts. The affidavit fails to "set[ ] forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement." Local Rule 108(h). There is not a single reference to the record in the affidavit, nor anything to reference attached to the opposition.

Unisys has moved to strike Mr. Gore's affidavit. [Def's reply at 4]. As noted *supra* at 4–5, the affidavit is not admissible evidence, and points to no record evidence, thus the plaintiff has failed to controvert Unisys' statement of material facts. Pursuant to Local Rule 108(h), the Court shall strike the affidavit and "assume the facts identified by the moving party in its statement of material facts are admitted."[3] Local Rule 108(h); *see, e.g., Finnegan, Henderson,* 101 F.3d at 154; *Hopper v. Financial Management Systems, Inc.,* 1997 WL 31101, CA No.96–456 (D.D.C. Jan. 23, 1997)(quoting *Finnegan, Henderson,* 101 F.3d at 150 and *Twist,* 854 F.2d at 1425); *Washington Bancorporation v. Said,* 812 F.Supp. 1256, 1278 (D.D.C.1993).

## II. Summary Judgment: As a Matter of Law

Having adopted the Unisys' statement of undisputed material facts as admitted by the plaintiff pursuant to Rule 108(h), the Court turns to the moving party's second burden: establishing that, in light of the undisputed facts, it is indeed entitled to summary judgment as a matter of law.

Upon review of the defendant's motion, supporting evidence, and the applicable law, the Court concludes that Unisys has demonstrated that no genuine issue of material fact exists and that, pursuant to FED.R.CIV.P. 56(c), it is entitled to summary judgment as a matter of law.

**(a) Plaintiff's Burden Pursuant to Title VII, 42 U.S.C. § 2000e et seq. & DCHRA, D.C.Code § 1–2501, et seq.**

■ In a discrimination action brought pursuant to the DCHRA, the burdens on the parties are the same as those well established in Title VII actions. *Whitbeck v. Vital Signs,* 116 F.3d 588, 591 (D.C.Cir.1997). A plaintiff may either present direct evidence of discrimination, which is rare, or resort to the familiar burden-shifting method articulated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Benn presented no direct evidence of discrimination. Turning to the burden-shifting framework, Benn must first establish *prima facie* cases for his discrimination and retaliation claims. If Benn is successful, then the burden of production shifts to Unisys to put forth evidence of a legitimate nondiscriminatory reason for the alleged adverse employment action in order to rebut the presumptions of discrimination and retaliation. If Unisys is successful, the burden of persuasion, which rests with the plaintiff throughout, is again triggered. The plaintiff must establish both that the defendant's proffered reasons are pretextual, and that discrimination and retaliation were the real reasons for the adverse employment decisions. *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 508, 113 S.Ct. 2742, 2747–48, 125 L.Ed.2d 407 (1993). This Circuit has held, however, that at the summary judgment stage of the proceedings "a factfinder may infer discrimination based upon the combination of the plaintiff's *prima facie* case and the plaintiff's presentation of evidence sufficient to 'discredit' the employer's proffered nondiscriminatory reasons for its challenged action, and concluded that, under *Hicks,* a defendant's motion for judgment as a matter of law must not be granted when the plaintiff has presented such evidence." *Aka v. Washington Hosp. Ctr.,* 116 F.3d 876, 881 (D.C.Cir.1997)(footnote omitted). Benn failed to put forth any evidence. Moreover,

**3.** In the absence of a proper Rule 108 statement and Rule 56(e) supporting evidence, the Court "is under no obligation to sift through the record ... in order to evaluate the merits of [Benn's] case." *Finnegan, Henderson,* 101 F.3d at 154. Nevertheless, the Court did comb through the entire file and found nothing of assistance to the plaintiff. The only additional information provided was 10 additional pages of Benn's deposition (Pages 700–706; 823, 839–840) that were attached as an exhibit to defendant's motion in limine [# 57].

Unisys' undisputed material facts adopted by the Court as admitted by the plaintiff demonstrate that Benn has not satisfied the initial burden of making *prima facie* case of either racial discrimination or retaliation. Unisys' properly supported motion for summary judgment, therefore, must be granted as matter of law.

### (b) *Prima Facie* Case: Racial Discrimination

■ To establish a prima facie case of racial discrimination, Benn must show that (1) he is a member of a protected class; (2) that his performance met or exceeded his employer's legitimate expectations; (3) he was subject of an adverse personnel action; and (4) similarly situated employees outside the protected class were treated differently. *McDonnell Douglas Corp.*, 411 U.S. at 802, 93 S.Ct. at 1824.

■ Unisys does not dispute that Benn, who is Black, is a member of a protected class. Although noting difficulties on some contracts [material fact no. 10], Unisys does not dispute that Benn was performing "gregariously" and "enthusiastically" [material fact no. 26] at the time of the reorganization, thus it created a new position with a higher base salary for him rather than giving him the proverbial pink slip. The defendant asserts, and the plaintiff has not controverted the assertion, that the reorganization was not (as the plaintiff alleges) a master plan to demote (as a form of discrimination against) the plaintiff and that Benn was not treated differently than similarly situated employees. The plaintiff has submitted no evidence to contradict defendant's material facts nos. 16, 17 and 22 (relying on Santamaria decl., def's mot., exh. 2), which state that the 1994 reorganization took place '[i]n response to the competitive nature of the field', and that two divisions, Civilian Operations and Department of Defense/Special Operations were merged into Information Technologies [IT] and Information Systems [IS], eliminating many positions, one of which was the plaintiffs. Nor has the plaintiff controverted material facts nos. 18, 24 and 26 (relying on Santamaria decl.), which state that Mr. Joseph Santamaria, Vice President and General Manager of IT, felt IT needed a new marketing approach, created "Alternate Channel Marketing", and believed Benn to be uniquely qualified for the position. Benn also has not controverted material fact no. 28 (relying on Benn depo., 505:1–2), which states that the plaintiff received a base salary increase of $12,012 in the new position. Moreover, Benn proclaimed in May 1995 (5 months after the alleged discrimination began) that:

> I am confident that Alternate Channel Marketing is absolutely necessary and will contribute significantly to the revenue objectives. It can yield revenue in shorter sell cycles and improve cash flow. It can also add soft dollar benefits through the exposure of Unisys the company.

[Benn Memo to Bill Jones, def's mot., exh. 6 at 2]. The plaintiff has submitted nothing other than bare allegations to indicate that he was treated differently than similarly situated employees or to show that the personnel action was even slightly adverse. In sum, Benn has not met his burden of establishing a *prima facie* case of discrimination.

■ Stretching the imagination to assume the plaintiff has established a *prima facie* case, the defendant, as noted above, has presented a legitimate, non-discriminatory reason for the so-called adverse employment action—the reorganization. The burden, then, is on the plaintiff to, at a minimum, "discredit" Unisys' assertion. *Aka*, 116 F.3d at 881. The record, though rich with allegations, is completely void of any evidence that Unisys reorganized and created the new position for Benn with a discriminatory animus. The Court cannot "second-guess an employer's personnel decision absent demonstrably discriminatory motive." *Fischbach v. District of Columbia Dep't of Corrections*, 86 F.3d 1180, 1183 (D.C.Cir.1996)(citing *Milton v. Weinberger*, 696 F.2d 94, 100 (D.C.Cir. 1982)).

Thus summary judgment shall be granted on the discrimination claims as a matter of law.

### (1) *Prima Facie* Case: Retaliation

There are three elements to a *prima facie* showing of retaliation. *McKenna v. Weinberger*, 729 F.2d 783, 790 (D.C.Cir.1984).

The defendant concedes that the plaintiff has established the first element of a claim of retaliation: (1) that Benn engaged in a statutorily protected activity. Unisys asserts, however, that (2) Benn was not the subject of adverse employment action, without which there cannot be a third element, i.e., (3) that there is a causal connection between the adverse action and Benn's exercise of his rights in filing the complaint.

Although replete with allegations of threats of termination and of leaks of personnel files, the plaintiff has not presented a scintilla of evidence, direct or circumstantial (other than counsel's affidavit), that he suffered any adverse employment actions as a result of filing this complaint. Accordingly, Unisys' motion with respect to the retaliation claim shall be granted.

## IV. Conclusion

Upon consideration of the defendant's motion for summary judgment, the opposition, reply, the entire record, and the applicable law and for the reasons stated, the defendant's motion for summary judgment is granted and the complaint dismissed.