Carleta ROWLAND, Plaintiff,

v.

Richard W. RILEY, Secretary,
Department of Education
Defendant.

No. CIV.A. 97–449.

United States District Court,
District of Columbia.

Jan. 30, 1998.

Donald Stephen Johnson, Sr., Capitol
Heights, MD, for Plaintiff.

Daria Jean Zane, United States Attorney's
Office, Jonathan L. Kaplan, Dept. of Transp.
Federal Railroad Admin., Washington, DC,
for Defendant.

## MEMORANDUM OPINION AND ORDER

SULLIVAN, District Judge.

Carleta Rowland commenced this discrimination action against the Department of Education and sets forth three claims in her complaint: 1) race discrimination under Title VII, 42 U.S.C. § 2000e *et seq.;* 2) a violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981; and 3) a violation of the Thirteenth Amendment of the U.S. Constitution. Plaintiff properly exhausted her administrative

remedies [1] and timely filed this suit. Defendant has moved to dismiss or in the alternative, seeks summary judgment on all three claims. Plaintiff did not oppose the defendant's motion to dismiss on the § 1981 claim nor the Thirteenth Amendment claim. Thus, the only claim before this Court is the plaintiff's race discrimination claim under Title VII.

Upon consideration of defendant's motion to dismiss or in the alternative, for summary judgment, the response and reply thereto, and the arguments of counsel at the motions hearing on January 27, 1998, the defendant's motion for summary judgment is hereby **GRANTED**.

## FACTS

Plaintiff is a black female employed as secretary-typist by the Department of Education ("DOE"). On July 27, 1994, plaintiff injured herself when she tripped over a packing box. She missed 45 days of work as a result of her injuries.

Plaintiff applied for worker's compensation by filing a claim with the Office of Worker's Compensation Program ("OWCP"). Ms. Diane Schmitz, a white female and the director of the Health and Environmental Safety Staff, was responsible for carrying out DOE's federal worker's compensation program, including the processing of OWCP claims. Plaintiff's claim arises out of Ms. Schmitz's handling of her claim for worker's compensation.

In August 1994, Ms. Schmitz telephoned the office of plaintiff's personal physician, Dr. Cynthia Morgan, to discuss the accommodations and return-to-work initiatives available for plaintiff. Ms. Schmitz left a message for Dr. Morgan but never spoke to her. Someone from Dr. Morgan's office returned Ms. Schmitz's call, explaining that plaintiff had called the doctor's office to say that she did not consent to communication between her doctor and Ms. Schmitz.

Ms. Schmitz attempted to contact Dr. Morgan on two more occasions, but was informed that no one could speak with her because plaintiff had not given her consent. Ms. Schmitz never discussed plaintiff's health status with anyone from Dr. Morgan's office. Ms. Schmitz never called Dr. Morgan or her office again.

## ANALYSIS

█] The Court will treat defendant's motion as one for summary judgment since defendant submitted documents outside of the pleadings in support of its motion. *See* Fed.R.Civ.P. 12(b). The Court may grant a motion for summary judgment only where is no "genuine issue as to any material fact and viewing the evidence in the light most favorable to the nonmoving party, the movant is entitled to prevail as a matter of law." Fed.R.Civ.P. 56(c); *Diamond v. Atwood,* 43 F.3d 1538, 1540 (D.C.Cir.1995). The nonmoving party, however, cannot simply rest upon the allegations stated in its pleadings but must come forward with the specific facts that demonstrate that there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(e).

Pursuant to Local Rule 108(h), defendant has submitted a list of facts which it contends are not in dispute. *See* Def.'s Statement of Material Facts as to Which There Is No Genuine Issue. Purporting to controvert defendant's undisputed facts, plaintiff filed an "Opposition to Statement of Material Facts". This "opposition" fails to "provide a concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue." *See* Local Rule 108(h). Rather, the "opposition" simply asserts conclusory allegations with no supporting facts whatsoever. Furthermore, this "opposition" does not contain a single refer-

---

1. Plaintiff first complained of racial discrimination to the EEO office at DOE. A formal investigation was conducted and a report was issued. After plaintiff requested an administrative hearing, the case was transferred to the EEOC and an administrative judge was assigned to the case.

The administrative judge found that plaintiff was not aggrieved and remanded the case to DOE with a recommendation for dismissal. She stated that plaintiff did "not present even a scintilla of evidence that [she] suffered any direct harm to any term, condition, or privilege of her employment as a result of the phone calls made to her doctor." Six weeks later, DOE issued its final decision, dismissing plaintiff's claim for failure to state a claim of discrimination.

ence to the record as is also required by Local Rule 108(h).

Likewise, the plaintiff has filed her own affidavit[2] with the mere conclusory allegation that non-white employees were treated differently than similarly situated white employees. *See* Rowland Aff. ¶ 6. She provides no facts whatsoever to support this allegation. This is not enough to survive a motion for summary judgment. *See Lujan v. National Wildlife Federation,* 497 U.S. 871, 888–89, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990) ("The object of [Rule 56] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."); *Harding v. Gray,* 9 F.3d 150, 154 (D.C.Cir.1993)("[M]ere unsubstantiated allegation … creates no 'genuine issue of fact' and will not withstand summary judgment."); *Benn v. Unisys Corp.,* 176 F.R.D. 2 (D.D.C.1997).

Thus, since plaintiff has failed to bring forth any specific facts to support her race discrimination claim, the Court concludes that there are no genuine issues of material fact which would preclude summary judgment.[3]

■ The Court now turns to whether defendant is entitled to judgment as a matter of law. Defendant urges that plaintiff has failed to state a prima facie case of race discrimination because the defendant took no adverse personnel action against plaintiff.

Title VII states that

all *personnel actions* affecting employees … shall be made free from any discrimination based on race, color, religion, sex, or national origin.

42 U.S.C. § 2000e–16(a) (emphasis added). While this circuit has not directly decided what constitutes adverse action under Title VII, it has stated that "[c]ourts applying Title VII have consistently focused on 'ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensating … [and not] interlocutory or mediate decisions having no immediate effect upon employment decisions.'" *Taylor v. FDIC,* 132 F.3d 753, 764 (D.C.Cir.1997) (citing *Page v. Bolger,* 645 F.2d 227, 233 (4th Cir.)(en banc), *cert. denied,* 454 U.S. 892, 102 S.Ct. 388, 70 L.Ed.2d 206 (1981); *Dollis v. Rubin,* 77 F.3d 777, 781 (5th Cir.1995)). The Court further noted that "[t]he federal courts cannot be wheeled into action for every workplace slight, even one that was possibly based on protected conduct." *Id.*

■ To have an actionable Title VII claim, plaintiff must prove that some "negative consequences" resulted from the personnel action taken by the employer. *Brown v. Bentsen,* 921 F.Supp. 1, 2 (D.D.C.1995). *Compare Carpenter v. Federal Nat'l Mortgage Ass'n,* 949 F.Supp. 26, 28 n. 3 (D.D.C. 1996) ("significantly diminished material responsibilities" constitutes adverse action) *and Hayes v. Shalala,* 902 F.Supp. 259, 267 (D.D.C.1995)(totality of personnel actions could collectively constitute illegal retaliation or harassment) *with Carpenter,* 949 F.Supp. at 28 n. 3 (change in employee's duties or working conditions causing no materially significant disadvantage was not adverse action); *Glovinsky v. Cohen,* 983 F.Supp. 1, 2 (D.D.C.1997)(supervisor's comment that Jewish plaintiff should get the best price he could "Jew them down to" was not adverse action); *Lucas v. Cheney,* 821 F.Supp. 374, 376 (D.Md.1992) (reprimand not inserted in employee's personnel file was not adverse action); *and Cherry v. Thermo Electron Corp.,* 800 F.Supp. 508, 511 (E.D.Mich.1992)(transfer without corresponding loss of salary, benefits, or change in job location was not adverse action).

■ Plaintiff responds to this motion by raising a hostile working environment claim. Plaintiff seems to argue that the "adverse

---

2. Plaintiff's statement was not even an affidavit since it was not signed or dated by a notary public. *See* Rowland Aff. The Court will, however, construe plaintiff's statement to be an affidavit.

3. The Court was concerned that perhaps plaintiff had not come forward with any specific facts because she needed to conduct discovery. Upon the court's inquiry at oral argument, however, plaintiff's counsel stated that this was not his position. Indeed, plaintiff's counsel has not filed an affidavit stating that he needs to conduct further discovery to oppose defendant's motion as required under the Federal Rules. *See* Fed. R.Civ.P. 56(f).

**4**

action" she suffered was a hostile working environment. There are several problems with this argument. First, this was not pled in plaintiff's complaint. Second, even if it was, plaintiff's EEOC charge did not raise a hostile working environment claim and thus, she has not exhausted her administrative remedies. *See Park v. Howard University,* 71 F.3d 904, 907 (D.C.Cir.1995), *cert. denied,* —— U.S. ——, 117 S.Ct. 57, 136 L.Ed.2d 20 (1996). Finally, plaintiff cites no legal authority to support her argument that a hostile working environment constitutes adverse action sufficient to state a prima facie case of race discrimination.[4]

Plaintiff further argues that she suffered disparate treatment because DOE did not contact the doctors of similarly situated white employees. Plaintiff cites no case law whatsoever to support the conclusion that contacting some employee's doctors but not other's in the context of a worker's compensation claim would constitute adverse action actionable under Title VII. Moreover, plaintiff has not brought forth any facts, beyond her mere conclusory allegations, to support this disparate treatment claim.[5]

The Court concludes that plaintiff has not suffered any adverse personnel action as required to bring a claim under Title VII. While Ms. Schmitz attempted to contact plaintiff's doctor, she never spoke to Dr. Morgan, nor did she have any discussions with anyone in Dr. Morgan's office regarding plaintiff's health status. Moreover, plaintiff was not denied worker's compensation, returned to work at DOE, and continues to work there today. Thus, this Court finds that plaintiff has not suffered any adverse employment action, and therefore, has not stated a prima facie case of race discrimination.

Because there are no genuine issue of material fact for trial and the defendant is entitled to judgment as a matter of law, the Court hereby grants defendant's motion for summary judgment.

Accordingly, it is

**ORDERED** that defendant's motion to dismiss or, in the alternative, for summary judgment is **GRANTED**; and it is further

**ORDERED** that this case is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk shall enter final judgment for defendant, Richard Riley, and against plaintiff, Carleta Rowland.

---

4. Plaintiff's counsel relied on two sexual harassment and hostile working environment cases to support his argument. *See Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993); *Brooms v. Regal Tube Co.,* 881 F.2d 412 (7th Cir.1989). During oral argument, however, plaintiff's counsel conceded that these cases do not in fact support plaintiff's argument. Plaintiff's counsel then stated that the principal authority upon which he relied was *McDonnell Douglas v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). While *McDonnell Douglas* provides the framework for any Title VII analysis, it does not support plaintiff's particular argument in this case.

5. Moreover, defendant, in its reply, filed an affidavit of a white employee who states that Ms.

Schmitz indeed contacted his doctor regarding his health status. *See* Adrian Decl., at 2. Plaintiff's counsel argued that Mr. Adrian was not similarly situated to plaintiff because he has cerebral palsy and thus, is not "competent" to communicate. Aside from finding counsel's bold assertion offensive, the Court notes that there is absolutely no support in the record for his statement. On the contrary, the record shows that Mr. Adrian was gainfully employed at the Department of Education until his regular retirement in May 1994. *See* Adrian Decl., at 1. Moreover, Mr. Adrian's declaration is quite clear and "competently" communicates material facts to this Court.