**INTERIM SERVICES, INC., Plaintiff–Appellee**

v.

**INTERIM, INC., Defendant–Appellant**

No. 00–7113.

United States Court of Appeals, District of Columbia Circuit.

April 20, 2001.

Before GINSBURG, SENTELLE, and KAREN LECRAFT HENDERSON, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. The court is satisfied that the issues presented occasion no need for an opinion. *See* D.C.Cir. Rule 36(b). It is

ORDERED AND ADJUDGED that the orders from which this appeal has been taken be affirmed. The district court was within its discretion to find that the oppo-sition of Interim, Inc. to plaintiff's motion for summary judgment was not, as its local rules require, "accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement." Local Rule 108(h) (current version at LCvR 7.1(h)). Interim, Inc. argues that several paragraphs embedded within its opposition motion, under the heading "Statement of Facts Material to Motion," meet this requirement. These paragraphs, however, are neither "separate" nor confined to the facts genuinely in dispute, both of which the rule requires. The district court was entitled to enforce these requirements strictly. *See Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner,* 101 F.3d 145, 150 (D.C.Cir.1996).

The district court therefore was within its discretion to assume that all the "facts identified by the moving party in its statement of material facts are admitted." Local Rule 108(h) (current version at LCvR 7.1(h)). Upon the same assumption, we uphold the district court's grant of summary judgment substantially for the reasons given by the district court, and because the admitted facts show that Interim Services, Inc. offered information technology services in the District of Columbia region prior to the entry of Interim, Inc. into the market.

The orders of the district court governing discovery, which were well within the court's discretion, are also affirmed.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C.Cir. Rule 41.