**OCONUS DOD EMPLOYEE ROTATION ACTION GROUP, et al., Appellants,**

v.

**Donald H. RUMSFELD, Secretary, Department of Defense, Appellee.**

No. 01–5164.

United States Court of Appeals, District of Columbia Circuit.

April 3, 2002.

Before SENTELLE, HENDERSON, and TATEL, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was considered on the record, briefs, and oral argument of the parties. The court has determined that the issues presented occasion no need for an opinion. *See* FED. R.APP. P. 36; D.C. CIR. RULE 36(b). It is

ORDERED and ADJUDGED that the March 27, 2001 order of the district court is affirmed. The government submitted extensive declarations to the effect that the Department of Defense is still revising Draft Subchapter 1230. The district court acted well within its discretion in deeming the Department's factual allegations to be admitted in light of appellants' counsel's failure to submit the statement of disputed material facts required by Local Civil Rule 7.1(h). *Cf. Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner,* 101 F.3d 145, 154 (D.C.Cir.1996) (holding district court may deem as admitted facts uncontroverted by nonmoving party's statement of disputed facts). Nor did the district court abuse its discretion in denying "jurisdictional" discovery when the information sought by appellants was unrelated to the issue of jurisdiction. In view of this and in view of the utter frivolousness of appellants' law of the case argument, the district court did not err in granting summary judgment to the government on the grounds that Draft Subchapter 1230 was not "final agency action" within the meaning of the Administrative Procedure Act. 5 U.S.C. § 704. Although appellants insisted at oral argument that they challenged not only Draft Subchapter 1230, but also the Department's five-year rule in any form, including in the Depart-ment's Interim Guidance, such challenges are waived as the district court found them to be outside the scope of the suit and appellants failed to contest that ruling in their opening brief before this court. *See Power Co. of Am., L.P. v. FERC,* 245 F.3d 839, 845 (D.C.Cir.2001) (holding arguments not made in opening brief waived).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. RULE 41.