Jerry SUSSMAN, et al., Appellants,

v.

Donald E. POWELL, Chairman, Federal Deposit Insurance Corporation, Appellee.

No. 02–5212.

United States Court of Appeals, District of Columbia Circuit.

May 20, 2003.

Before: EDWARDS, HENDERSON, and RANDOLPH, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court

for the District of Columbia and on the briefs and arguments by counsel. It is

ORDERED that the judgments from which this appeal has been taken be affirmed. The district court correctly held that the appellants failed to make a prima facie case of discriminatory misclassification because they "failed to demonstrate that <other employees of similar qualifications ... were indeed promoted at the time [Plaintiffs'] request for promotion was denied'" or "to show the additional background circumstances that would support the conclusion that the Defendant <is that unusual employer who discriminates against the majority.'" Joint App. 323 (quoting *Bundy v. Jackson,* 641 F.2d 934, 951 (D.C.Cir.1981), *and Parker v. Baltimore & Ohio R.R.,* 652 F.2d 1012, 1017 (D.C.Cir.1981)). The court also correctly concluded the appellants failed to carry their burden on the retaliation claim because their lateral transfers were not "adverse employment actions," *see Brown v. Brody,* 199 F.3d 446, 457 (D.C.Cir.1999), and because the failure to give the appellants performance awards in 1996 was not causally linked to the administrative discrimination complaint they filed while employed at the RTC in 1994. *See Jones v. Washington Area Metro. Transit Auth.,* 205 F.3d 428, 433 (D.C.Cir.2000) (to establish prima facie case of retaliation plaintiff must demonstrate that "<(1) [she] engaged in protected activity, (2)[she] was subjected to adverse action by the employer and (3) there existed a causal link between the adverse action and the protected activity'") (quoting *Thomas v. National Football League Players Ass'n,* 131 F.3d 198, 202 (D.C.Cir.1997) (citing *Mitchell v. Baldrige,* 759 F.2d 80, 86 (D.C.Cir.1985))).

On the claim of failure to promote to a Senior Attorney position, the court properly granted summary judgment because Sussman failed to show he was qualified for the position or that the proffered reason for not promoting him-that he did not meet the published qualifications-was pretextual. *See Aka v. Washington Hosp. Ctr.,* 156 F.3d 1284, 1289 (D.C.Cir.1998) (en banc). As to the plaintiffs' claim that the FDIC maintains an impermissible affirmative action plan, the district court did not abuse its discretion in assuming that the program neither gives preferential treatment to minorities nor encourages hiring minorities inasmuch as the plaintiffs cited no evidence refuting the FDIC's statement or material facts not in dispute. *See Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner,* 101 F.3d 145, 154 (D.C. Circuit 1996). The plaintiffs therefore have failed to show that the plan unconstitutionally discriminates against them.

Finally, we affirm the court's dismissal of the appellants' claim of misclassification under the Administrative Procedure Act because in its post-trial order the court expressly found that the appellants were "properly classified" at grade GS–13, Joint App. 303, and this finding is not clearly erroneous, *see United States v. Mahoney,* 247 F.3d 279, 283 (D.C.Cir.2001) ("We may set aside a district court's factual findings only if they are <clearly erroneous.'") (citing Fed.R.Civ.P. 52(a); *United States v. Mathis,* 216 F.3d 18, 26 (D.C.Cir.2000)).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.