**Edward V. DIPIETRO, Plaintiff,**

v.

**EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS,**
**Defendant**

**No. CIV.A. 03–1214(RJL).**

United States District Court, District of Columbia.

May 2, 2005.

---

Edward Vincent Dipietro, Ayer, MA, pro se.

William Mark Nebeker, U.S. Attorney's Office, Washington, DC, for Defendant.

### MEMORANDUM OPINION

LEON, District Judge.

## I. BACKGROUND

The Court issued a Memorandum Opinion and Order on August 19, 2004, concluding that defendant adequately demonstrated compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, regarding the adequacy of the agency's search for responsive records and the applicability of Exemptions 3, 5, and 7(C). Now before the Court is defendant's renewed motion to dismiss or, in the alternative, for summary judgment, addressing only the applicability of Exemptions 2 and 7(D). Having considered defendant's renewed motion, plaintiff's opposition, and the entire record of this case, the Court will grant summary judgment for defendant.

## II. DISCUSSION

### A. Standard of Review

Summary judgment must be granted if the movant shows, when the facts are viewed in the light most favorable to the non-movant, that there are no genuine issues of material fact in dispute and the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c). The Court may award summary judgment in a FOIA case solely on the information provided in an agency's affidavits or declarations when its affidavits or declarations describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."[1] *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir.1981).

When evaluating a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party, and draw all reasonable inferences in her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party opposing a motion for summary judgment

---

1. In support of its renewed summary judgment motion, defendant submits the second declaration of John F. Boseker ("Boseker II Decl."). ·

"may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 248, 106 S.Ct. 2505; *see also Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner,* 101 F.3d 145, 150 (D.C.Cir.1996).

Plaintiff filed an opposition to defendant's renewed motion.[2] Rather than addressing the remaining issues in the case, plaintiff instead chose to challenge the adequacy of defendant's search for records responsive to his FOIA request. The Court will not revisit the issue, in light of the prior conclusion that the agency's search was adequate and reasonable. By failing to address the applicability of Exemptions 2 and 7(D), plaintiff in effect concedes the motion. Notwithstanding plaintiff's concession, the Court briefly addresses defendant's renewed motion and supporting declaration.

### B. Exemptions

#### 1. Exemption 2

Exemption 2 protects materials that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). Generally, courts limit Exemption 2 protection to "trivial administrative matters of no genuine public interest" ("low 2" exempt information), and to information that, if disclosed, "may risk circumvention of agency regulation" ("high 2" exempt information). *Schiller v. NLRB,* 964 F.2d 1205, 1206 (D.C.Cir.1992); *see Schwaner v. Dep't of the Air Force,* 898 F.2d 793, 795 (D.C.Cir.1990).

■ The EOUSA invokes Exemption 2 ("low 2") to protect material that is trivial administrative information, the disclosure of which is lacking in any genuine or significant public benefit. Boseker Decl.,

¶ 17. Specifically, defendant clarifies that Exemption 2 applies to portions of documents that properly are withheld in full under Exemption 5. Boseker II Decl., ¶¶ 3, 4, 6. The information withheld includes an internal checklist of clerical actions, code numbers on a form for attorney time devoted to a task, a record of transmittals and receipts of records, a form used for inputting attorney work product data into a computer system, and identification and file numbers. *See id. & Vaughn* Index (Document Nos. 4, 6 & 9). Defendant adequately justifies its decision to withhold information under Exemption 2.

#### 2. Exemption 7(D)

■ Exemption 7(D) protects from disclosure those records or information compiled for law enforcement purposes that:

could reasonably be expected to disclose the identity of a confidential source ... [who] furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation..., information furnished by a confidential source.

5 U.S.C. § 552(b)(7)(D). There is no assumption that a source is confidential for purposes of Exemption 7(D) whenever a source provides information to a law enforcement agency in the course of a criminal investigation. *See United States Dep't of Justice v. Landano,* 508 U.S. 165, 181, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993). Rather, a source's confidentiality is determined on a case-by-case basis. *Id.* at 179–80, 113 S.Ct. 2014. "A source is confidential within the meaning of 7(D) if the source provided information under an express assurance of confidentiality or in circumstances from which such an assurance

2. The Court construes plaintiff's "Motion Opposing Dismissal, or in the Alternative Motion

Opposing Summary Judgment" [Dkt. # 36] as his opposition to defendant's renewed motion.

could reasonably be inferred." *Williams v. Federal Bureau of Investigation,* 69 F.3d 1155, 1159 (D.C.Cir.1995) (citing *Landano,* 508 U.S. at 170–74, 113 S.Ct. 2014).

In its supplemental declaration, the EOUSA clarifies that the information withheld under Exemption 7(D) is a portion of a document which properly was withheld in full under Exemption 5 as attorney work product. Boseker II Decl., ¶ 5 & *Vaughn* Index (Document No. 8). The "Statement of the Evidence" portion of this prosecutorial memorandum discusses "the source of evidence supporting the proposed indictment charges recommended (namely a specifically identified 'confidential informant,' who was an eyewitness to illegal narcotics transactions)." Boseker II Decl., ¶ 5. Defendant adequately justifies its decision to withhold information under Exemption 7(D).

### C. Segregability

Having reviewed defendant's declarations and attachments, the Court concludes that defendant has withheld only the records or portions of records exempt under Exemption 2, 3, 5, 7(C) and 7(D), and that all reasonably segregable material has been released. With respect to these records, the agency's declarations and attachments adequately specify "in detail which portions of the document[s] are disclosable and which are allegedly exempt." *Vaughn v. Rosen,* 484 F.2d 820, 827 (1973).

### III. CONCLUSION

For the reasons stated above, the Court concludes that defendant fulfilled its obligations under the FOIA. The agency properly invoked Exemptions 2 and 7(D), and released all reasonably segregable information. Accordingly, the Court will grant defendant's renewed motion for summary judgment. An Order consistent with this Memorandum Opinion will be issued separately on this same date.