**CITY OF MOUNDRIDGE, KS, et al., Appellants**

v.

**EXXON MOBIL CORPORATION, et al., Appellees.**

No. 09–7153.

United States Court of Appeals, District of Columbia Circuit.

Feb. 25, 2011.

Charles F. Wheatley, Jr., James F. Fairman, Jr., Wheatley & Ranquist, P.A., Annapolis, MD, for for Appellants.

Jerrold J. Ganzfried, Robert G. Abrams, Joseph Allen Ostoyich, Howrey LLP, Kevin David McDonald, Jones Day, Mark Lee Kovner, Kirkland & Ellis LLP, Robert Anthony Burgoyne, Esquire, Fulbright & Jaworski LLP, John Donaldson, Francis A. Vasquez, Jr., White & Case LLP, Washington, DC, Catherine E. Fazio, Richard C. Godfrey, Kirkland & Ellis, LLP, Chicago, IL, Layne Edwin Kruse, Anne Marie Rodgers, Fulbright & Jaworski LLP, Houston, TX, for Appellees.

Before: ROGERS, TATEL and GRIFFITH, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was presented to the court and briefed by the parties. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. For the rea-

sons presented in the accompanying memorandum, it is

**ORDERED AND ADJUDGED** that the grant of summary judgment by the district court be affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

## MEMORANDUM

Appellants challenge the grant of summary judgment on their claim that appellees conspired to fix natural gas prices in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. Their theory is that appellees, through the participation of their employees in a 2003 report issued by the National Petroleum Council ("NPC")—a federally chartered advisory committee to the Department of Energy—conspired to promote false concerns about the adequacy of the United States' natural gas supply, allowing appellees to charge prices that were significantly higher than both historical natural gas prices and prior NPC projections. In moving for summary judgment, appellees denied that they conspired to fix prices, pointed to innocent explanations for industry-wide price increases, and argued that appellants failed to offer evidence that would allow a reasonable jury to infer the existence of a conspiracy. The district court concluded that, even assuming *arguendo* that appellants had presented sufficient evidence of parallel pricing, they failed to offer sufficient evidence to create an inference of conspiracy as opposed to independent action. *City of Moundridge v. Exxon Mobil Corp.,* 2009 WL 5385975 (D.D.C. Sept.30, 2009). Upon *de novo* review, *see, e.g., Gen. Elec. Co. v. Jackson,* 610 F.3d 110, 117 (D.C.Cir.2010), we affirm.

In granting summary judgment, the district court relied on the statement of material undisputed facts filed by appellees. Appellants failed to file a statement of material disputed facts, but argue their counter-statement of facts in their opposition to summary judgment was the "functional equivalent" of the mandatory Local Rule 7(h) statement. Appellants' Reply Br. 3. The circuit courts of appeal have concluded, however, that the failure to file a statement of material disputed facts means the district court may deem as admitted appellees' statement of material undisputed facts. *See Jackson v. Finnegan,* 101 F.3d 145, 154 & n. 7 (D.C.Cir.1996) (citing cases). Here, however, the district court did not simply treat appellees' version of facts as admitted because of a technical defect in appellants' submission; rather, the district court accepted appellees' statement of facts only where the facts were "supported by the record and not properly rebutted." *Moundridge,* 2009 WL 5385975, at *1 n. 4, and otherwise considered all of appellants' evidence, including the report of their expert, Dr. John W. Wilson, *see Moundridge,* 2009 WL 5385975, at *2 n. 5, *12 n. 10. We do likewise, and conclude that appellants' evidence failed to create a genuine issue of material fact. *See Ambrosini v. Labarraque,* 966 F.2d 1464, 1470 (D.C.Cir.1992); *Merit Motors, Inc. v. Chrysler Corp.,* 569 F.2d 666, 672–73 (D.C.Cir.1977).

We seriously doubt the record is sufficient to establish parallel conduct by appellees. But even assuming parallelism, as the district court did, appellants' circumstantial evidence does not support a reasonable inference that appellees conspired to raise prices. Appellants' burden was to present evidence that " 'tends to exclude the possibility' that the alleged conspirators acted independently." *Matsushita Elec. Indus. Co. v. Zenith Radio*

364

Corp., 475 U.S. 574, 588, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting *Monsanto Co. v. Spray–Rite Serv. Corp.*, 465 U.S. 752, 764, 104 S.Ct. 1464, 79 L.Ed.2d 775 (1984)). Appellants contend that appellees used the 2003 NPC Report—which was prepared by 268 individuals representing gas producers, traders, consumers, government agencies, academic institutions, and public interest organizations—to promote false information about supply scarcity that could serve as a cover to justify high prices. Appellants support this allegation by (1) pointing to previous studies that reached different conclusions about supply, (2) making conclusory assertions, including unsupported assertions by their expert, Dr. Wilson, that appellees dominated the NPC Supply Committee and controlled its independent consultant, and (3) noting a few scattered communications and memoranda obtained during discovery that they present out of context. Taken as a whole, and viewed in the light most favorable to appellants, this evidence falls far short of creating a genuine issue of material fact as to whether appellees conspired to fix prices.