Harry Edwin MILES, Appellant

v.

UNITED STATES DEPARTMENT OF JUSTICE, et al., Appellees.

No. 12–5213.

United States Court of Appeals, District of Columbia Circuit.

Nov. 19, 2012.

Harry Edwin Miles, Adelanto, CA, pro se.

Warden (Victorville Medium I), Adelanto, CA, for Appellant.

Harry Benjamin Roback, R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellees.

Before: HENDERSON, ROGERS, and TATEL, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). Upon consideration of the foregoing and the motion for summary judgment, it is

**ORDERED** that the motion for summary judgment be denied. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's decisions be affirmed. Appellant's complaint in essence seeks to invalidate his conviction based on the asserted unconstitutionality of the statute conferring district court jurisdiction over violations of federal criminal statutes, 18 U.S.C. § 3231, a challenge that should be brought by way of a motion pursuant to 28 U.S.C. § 2255 in the sentencing court, or, if the § 2255 remedy is inadequate or ineffective, by a habeas petition under 28 U.S.C. § 2241 in the judicial district where petitioner's custodian is located. *See* 28 U.S.C. § 2255(a), (e). Contrary to appellant's assertions, the district court did not recharacterize the complaint as a § 2255 motion.

Furthermore, the district court did not abuse its discretion by denying appellant's motion for reconsideration, *see Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir. 1996), denying leave to file certain post-dispositional motions, *cf. Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 151 (D.C.Cir.1996), or refusing to allow appellant to file an amended complaint, *see Hettinga v. United States*, 677 F.3d 471, 480 (D.C.Cir.2012) (per curiam) ("A district court may deny a motion to amend a complaint as futile if the proposed claim would not survive a motion to dismiss.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.