**Kathleen ROBERTSON, Plaintiff,**

v.

**AMERICAN AIRLINES, INC. et al., Defendant.**

**Civil Action No. 01–2426 (RMU).**

United States District Court, District of Columbia.

Dec. 16, 2002.

Warren Gary Kohlman, Michael Hillel Sampson, Bredhoff & Kaiser, PLLC, Washington, DC, for plaintiff.

Ronald Greer DeWald, Lipshultz & Hone, Chartered, Silver Spring, MD, for defendant.

*MEMORANDUM OPINION*

URBINA, Judge.

STRIKING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

Before addressing the merits of this negligence action, the court first must resolve a dispute over the application of the local rules of civil procedure to the pending motions for summary judgment. Plaintiff Kathleen Robertson is suing American Airlines ("AA") and its parent, AMR Corporation ("AMR"), (collectively, "the defendants") for damages resulting from injuries she allegedly sustained during an AA flight. In their motion for summary judgment, the defendants present several defenses. The plaintiff, however, argues that the defendants are not entitled to summary judgment given their alleged failure to comply with the requirements of the court's Local Civil Rules 7.1(h) and 56.1. For the reasons that follow, the court strikes the defendants' motion.

## II. BACKGROUND

The plaintiff alleges the following facts. On September 10, 1998, the plaintiff traveled on an AA flight from Denver, Colorado, to Chicago, Illinois. Pl.'s Opp'n to Defs.' Mot. for Summ. J. ("Pl.'s Opp'n") at 2–3. She was traveling at the time with a gel pack to relieve back discomfort. *Id.* at 3. During the flight, she approached an AA flight attendant, explained that her gel pack had become warm, and asked him if he might "make it cold again." *Id.* The

flight attendant took the gel pack and disappeared from her sight. *Id.* He returned with a package, wrapped in an airsickness bag, in which he had placed a piece of dry ice. *Id.* After the plaintiff placed the package on her back, she sustained thermal burns. *Id.*

One year later, on September 7, 2001, the plaintiff filed a complaint in the Superior Court of the District of Columbia alleging negligence and recklessness by the defendants and requesting compensatory and punitive damages. Notice of Removal dated Nov. 20, 2001. The defendants subsequently removed the action to this court. *Id.* On August 16, 2002, after discovery closed, the defendants filed a motion for summary judgment, arguing that the Warsaw Convention bars the plaintiff's action, that District of Columbia law bars punitive damages in this case, and that District of Columbia law shields AMR from liability. Defs.' Mot. for Summ. J. ("Defs.' Mot.") at 2. The defendants' memorandum in support of their motion begins with a one-paragraph section entitled "Statement of Material Facts Not in Genuine Dispute" that outlines the circumstances of the injury as well as the defenses to liability. *Id.* at 1–2. The defendants' statement does not include citations to the record, but a footnote states that "[a] full discussion of material facts with references will be found in the arguments below." *Id.* at 1–2 & 1 n. 1.

The plaintiff filed an opposition to the defendants' motion on September 20, 2002. As part of her argument against summary judgment for the defendants, the plaintiff contends that because the defendants' statement is not separate and contains no citations to the record, it does not comply with Local Civil Rules 7.1(h) and 56.1. Pl.'s Opp'n at 6 n. 6. Accordingly, citing to caselaw in this circuit, she urges the court to strike the defendants' statement and deny the defendants summary judgment. *Id.* Presumably in case the court refuses to do so, however, the plaintiff supplies her own "supplemental" statement of material facts not in dispute in addition to a statement of material facts that are in dispute. Pl.'s Supplemental Statement of Undisputed Material Facts; Pl.'s Statement of Disputed Material Facts.

In their reply, the defendants vigorously dispute the plaintiff's contention that their statement does not satisfy the local rules. Defs.' Reply at 1–5. The defendants rely on the text of Local Civil Rules 7.1(h) and 56.1 to argue that the requirements for the *movant's* statement of material facts as to which *there is no genuine issue* differ from the requirements for the *non-movant's* statement of material facts as to which *there is a genuine issue.* *Id.* at 2–3. Specifically, they argue that only the non-movant need provide a "separate, concise statement" of material facts for which there is a genuine issue. *Id.* at 2. Because they, as the movants, provided a statement of material facts directing the court to the arguments that in turn provides references to the record, they believe that they have complied with the local rules.[1] *Id.* at 3. Finally, the defendants take issue with the plaintiff's supplemental

---

1. The defendants go on to state that the applicability of the Warsaw Convention, the question of choice-of-law, and the definition of ultra-hazardous activities are questions of law. Defs.' Reply at 3–4. From this defendants appear to suggest that the court does not need facts in order to resolve questions of law, and therefore a statement of undisputed material facts on these questions is not required by the local rules. The unusual nature of this theory is revealed by the defendants themselves, who use facts liberally to support their position regarding the applicability of the Warsaw Convention and the choice-of-law analysis. Defs.' Mot. at 8–12, 14; Defs.' Opp'n to Pl.'s Mot. for Partial Summ. J. at 1–8.

statement of undisputed material facts and submit their own "supplemental" statement that contests the allegedly undisputed nature of those facts. *Id.* at 4–5; Defs.' Supplemental Statement of Disputed Material Facts.

## III. DISCUSSION

### A. Legal Standard for Local Civil Rule 56.1[2]

Federal Rule of Civil Procedure 56(c) directs courts to render judgments on motions for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); *Burke v. Gould,* 286 F.3d 513, 517 (D.C.Cir.2002). To further simplify matters, Local Civil Rule 56.1 supplements Rule 56 by setting forth specific procedures for the parties to follow in moving for or opposing summary judgment. LCvR 56.1; *Burke,* 286 F.3d at 517. First, Rule 56.1 informs parties moving for summary judgment that

> [a] motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement.

LCvR 56.1. The rule then instructs parties opposing such a motion that

> [a]n opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue

necessary to be litigated, which shall include references to the parts of the record relied on to support the statement.

*Id.*

The Rule 56.1 procedure "isolates the facts that the parties assert are material, distinguishes disputed from undisputed facts, and identifies the pertinent parts of the record." *Burke,* 286 F.3d at 517 (citing *Gardels v. Cent. Intelligence Agency,* 637 F.2d 770, 773 (D.C.Cir.1980)); *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner,* 101 F.3d 145, 151 (D.C.Cir. 1996) (same). Thanks to Rule 56.1, the district court is not "obligated to sift through hundreds of pages of depositions, affidavits, and interrogatories in order to make [an] analysis and determination of what may, or may not, be a genuine issue of material disputed fact." *Burke,* 286 F.3d at 518 (citing *Twist v. Meese,* 854 F.2d 1421, 1425 (D.C.Cir.1988)). Instead, the rule "places the burden on the parties and their counsel, who are most familiar with the litigation and the record, to crystallize for the district court the material facts and relevant portions of the record." *Jackson,* 101 F.3d at 151 (citing *Twist,* 854 F.2d at 1425).

Although the rule's directive to movants varies slightly from the rule's directive to non-movants, both the movant and the non-movant bear the obligation of clarifying relevant issues for the district court. LCvR 56.1; *Burke,* 286 F.3d at 519 (citing *Gardels,* 637 F.2d at 773). As our court of appeals has stated, the purposes of the rule "clearly are not served when one party, particularly the moving party, fails in his statement to specify the material facts upon which he relies." *Gardels,* 637 F.2d

---

**2.** Because Local Civil Rules 7.1(h) and 56.1 are identical but for one reference to another section, the court will refer only to Local Civil Rule 56.1 in this analysis for ease of discussion.

at 773 (referring to the predecessor local rule).

■ Because the rule helps the district court maintain docket control and decide motions for summary judgment efficiently, the D.C. Circuit has repeatedly upheld district court rulings that hold parties to strict compliance with this rule. *Burke*, 286 F.3d at 517; *Jackson*, 101 F.3d at 150; *Gardels*, 637 F.2d at 773.

## B. The Defendants' Motion for Summary Judgment Does Not Comply with Local Civil Rule 56.1

■ Pointing to the textual difference in the rule's requirements for movants and non-movants, the defendants argue that they are in compliance with the rule. Defs.' Reply at 2–3. Because the rule's instructions do not require the *movant's* statement of undisputed material facts to be "separate" or "concise," the defendants argue that striking their statement for such perceived failures would "transform undisputed facts to disputed facts (and certainly would run counter to [the rule's] purpose of streamlining the litigation process)." LCvR 56.1; Defs.' Reply at 3.

The defendants' parsing of Rule 56.1 misses the point entirely. It is true that the rule's direction to movants varies slightly from its instructions to non-movants. LCvR 56.1 (requiring that motions for summary judgment "be accompanied by a statement" of undisputed material facts, while requiring that oppositions to such motions "be accompanied by a separate concise statement" of disputed material facts); *see also Jackson*, 101 F.3d at 153 n. 6. But the issue here is not whether or not the movant's statement of material facts must be separate or concise. Rather, the issue is whether the statement "include[s] references to the parts of the record relied on to support the statement" so as to isolate the material facts, distinguish

disputed from undisputed facts, and identify the pertinent parts of the record. LCvR 56.1; *Burke*, 286 F.3d at 518. Accordingly, the relevant question before the court is whether the defendants' statement, by directing the court to the body of the defendants' argument and the references contained therein, fulfills that requirement.

Common sense and a survey of this circuit's precedent make clear that the answer is no. Past decisions emphasize that the movant's statement must specify the material facts and direct the court and the non-movant to those parts of the record which the movant believes support the statement. *Gardels*, 637 F.2d at 773. Merely incorporating entire affidavits and other materials without reference to the particular facts recited therein is not sufficient. *Id.* (finding that the movant's brief, "amorphous" statement incorporating by reference its answer and various affidavits did not satisfy the predecessor local rule to Rule 56.1). In contrast, a statement that logically and efficiently reviews relevant background facts, each of which includes a citation to the record and none of which contain argument, clearly is sufficient. *Jackson*, 101 F.3d at 148, 153 n. 6 (concluding that the movant law firm's statement that described the firm's operations, hiring processes, and terms of employment and provided citations to the record satisfied the predecessor local rule).

Here, the defendants' statement consists of one thirteen-sentence paragraph that more closely resembles a memorandum's introduction than a traditional statement of material facts. Defs.' Mot. at 1–2. The first eight sentences briefly describe the factual and procedural history of the case, while the last five preview the defendants' arguments for summary judgment. *Id.* None of the sentences is followed by a citation to the record. *Id.* Moreover, the

remainder of the memorandum, which the statement adopts by reference and which spans 30 pages, liberally mixes facts with argument. *Id.* at 1 n. 1, 5–34. In short, the statement does nothing to assist the court in isolating the material facts, distinguishing disputed from undisputed facts, and identifying the pertinent parts of the record. *Burke,* 286 F.3d at 518. Nor does it provide the non-movant "an opportunity fairly to contest the movant's case." *Id.* at 519; Pl.'s Opp'n at 7 n. 7 (noting that without a statement of undisputed material facts, the plaintiff is unable to respond specifically to the defendants' arguments).

Accordingly, the court finds that the defendants' statement does not comply with Rule 56.1. The court declines to adopt the plaintiff's suggestion of striking the statement and denying the defendants summary judgment. Pl.'s Opp'n at 6 n. 6; *Burke,* 286 F.3d at 518 (noting, in the context of a non-movant's failure to comply with the rule, that potentially severe results can follow admission of the opposing party's facts). Instead, the court strikes the defendants' motion for summary judgment, and permits the defendants to refile a motion that complies with the letter and spirit of the rule and provides the plaintiff the opportunity to "fairly contest" the defendants' case. *Id.* at 519.

### C. The Court Directs the Plaintiff to Clarify Her Position Regarding the Defendants

On a separate matter, the court notes that in her opposition to the defendants' motion for summary judgment, the plaintiff states that "[b]ased on discussions with Defendants' counsel, the plaintiff anticipates that Defendant AMR Corp. will be dismissed without prejudice." Pl.'s Opp'n at 1 n. 1. Toward that end, she directs her arguments only to defendant American Airlines. *Id.* at 1–2.

By its plain terms, this statement seems to concede that AMR is not properly named as a defendant in this action. It is unclear, however, whether this perception is an accurate interpretation of the plaintiff's position. As a result of today's ruling, the parties now will have an opportunity to revise their submissions. Accordingly, in the interest of justice, the court expects the plaintiff to clarify her position with regard to defendant AMR, and to take direct action to ensure that the correct parties are before the court.

### IV. CONCLUSION

For the foregoing reasons, the court finds that the defendants' statement does not comply with Rule 56.1 and strikes the defendants' motion for summary judgment. An Order directing the parties in a fashion consistent with this Memorandum Opinion is separately and contemporaneously issued this 16th day of December, 2002.